IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARK GOLDSTEIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:17-CV-1194-RP |
| | § | |
| FORCEPOINT LLC, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Before the Court is Defendant Forcepoint LLC's ("Forcepoint") Motion to Consolidate and Lift Stay. (Dkt. 59). Plaintiff Mark Goldstein ("Goldstein") filed a response in opposition to the motion. (Dkt. 60). Forcepoint filed a reply. (Dkt. 61). After considering the parties' arguments and the relevant law, the Court will deny the motion.

**I. BACKGROUND**

Forcepoint hired Goldstein in January 2016. (Compl., Dkt. 1 ¶ 5). As a condition of his employment, Goldstein signed a "Confidentiality, Invention Assignment, Non solicit, [sic] Non-compete and Arbitration Agreement" (the "Agreement"). (*See* Def.'s Mot. Compel Arbitration, Dkt. 4-1, at 2). The Agreement required arbitration for "any dispute or controversy whatsoever pertaining to or arising out of the relationship between [Goldstein] and the Company or the dissolution or termination" of that relationship. (*Id.* at 5). Forcepoint terminated Goldstein in April 2017, and Goldstein sued on December 21, 2017, bringing a single claim for age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (the "ADEA"). (Compl., Dkt. 1 ¶¶ 7–9). On March 12, 2018, Forcepoint moved to compel arbitration pursuant to the Agreement. (Def.'s Mot. Compel Arbitration, Dkt. 4). On October 22, 2018, the Court ordered this case stayed pending arbitration but struck the cost-sharing provision of the fee provision in the Dispute Resolution

1

Addendum to the Agreement. (Order, Dkt. 14). On March 5, 2019, Tom Cipolla was appointed as the arbitrator. (Resp., Dkt. 60, at 2). The final arbitration hearing was set for September 18–21, 2023, but it was postponed on motion of Forcepoint. (*Id.*).

In December 2018, Goldstein filed a new EEOC charge against Forcepoint relating to Forcepoint's failure to hire him for 11 positions after he was fired. (Resp., Dkt. 60, at 1). On December 6, 2023, Goldstein filed a new case against Forcepoint on the basis of his new EEOC charge, relating to Forcepoint's termination of his employment in April 2017 and subsequent failure to hire him for 11 positions, bringing a single claim for age discrimination and retaliation under the ADEA. *See Mark Goldstein v. Forcepoint LLC*, No. 1:23-cv-1484-RP (W.D. Tex. Filed Dec. 6, 2023) ("*Goldstein II*") (Compl., Dkt. 1). Forcepoint answered the complaint in the new action on February 5, 2024. *See id.* (Answer, Dkt. 3). On February 21, 2024, Forcepoint filed the instant Motion to Consolidate and Lift Stay, seeking to consolidate *Goldstein II* into the above-captioned case and to lift the stay of this case pending arbitration. (Dkt. 59). Goldstein filed a response in opposition to the motion. (Dkt. 60). Forcepoint filed a reply. (Dkt. 61).

## II. LEGAL STANDARD

### A. Consolidation

Federal Rule of Civil Procedure 42(a) permits a district court to consolidate "actions before the court involv[ing] a common question of law or fact." District courts have broad discretion in determining whether to consolidate cases. *See Mills v. Beech Aircraft Corp.,* 886 F.2d 758, 761–62 (5th Cir. 1989). Consolidation is proper when it will avoid unnecessary costs or delay without prejudicing the rights of the parties. *See id.*; *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983).

In weighing whether to consolidate actions, courts generally consider factors such as (1) whether the actions are pending before the same court; (2) whether the actions involve a common

2

party; (3) any risk of prejudice or confusion from consolidation; (4) the risk of inconsistent adjudications of common factual or legal questions if the matters are tried separately; (5) whether consolidation will reduce the time and cost of trying the cases separately; and (6) whether the cases are at the same stage of preparation for trial. *See, e.g.*, *League of United Latin Am. Citizens v. Abbott*, EP:21CV-00259-DCG-JES-JVB, 2021 WL 5417402, at *2 (W.D. Tex. Nov. 19, 2021); *Arnold & Co., LLC v. David K. Young Consulting, LLC*, No. SA:13-CV-00146-DAE, 2013 WL 1411773, at *2 (W.D. Tex. Apr. 8, 2013). The Fifth Circuit has urged district judges "to make good use of Rule 42(a) in order to expedite . . . trial and eliminate unnecessary repetition and confusion," even when the actions contemplated are opposed by the parties. *In re Air Crash Disaster of Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977) (quoting *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973)).

### B. Lifting a Stay

"The decision of whether to extend a stay falls solely within the court's inherent power to control its docket." *Pers. Audio LLC v. Google, Inc.*, 230 F. Supp. 3d 623, 626 (E.D. Tex. 2017). "A court may lift a stay if the circumstances supporting the stay have changed such that the stay is no longer appropriate." *Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016).

### III. DISCUSSION

### A. The Motion to Consolidate

Forcepoint seeks to consolidate *Goldstein II* into the above-captioned case. Examining the relevant consolidation factors, the Court finds that consolidation is not an appropriate use of the Court's discretion.

First, while the cases may both have been filed in the same court, they are being adjudicated separately. The Court compelled the above-captioned case to arbitration over five years ago and stayed the case pending arbitration. (Order, Dkt. 14). Accordingly, while the instant case is assigned

to the undersigned, it is better categorized as being before the arbitrator, Tom Cipolla. (Resp., Dkt. 60, at 2). On the other hand, *Goldstein II* is currently before this Court and is being adjudicated by the undersigned. Accordingly, because *Goldstein I* has been sent to arbitration and *Goldstein II* has not, factor one weighs against consolidation.

Second, the parties do not dispute that the parties are identical in the two suits. (Mot., Dkt. 59, at 6; Resp., Dkt. 60, at 6). Accordingly, factor two weighs in favor of consolidation.

Third, the Court finds that any risk of prejudice or confusion from consolidation is neutral. Consolidation would not prejudice the rights of the parties, but it would be prejudicial to Goldstein to consolidate the cases at this juncture, given that the instant action has been stayed pending arbitration for over five years, while *Goldstein II* began only four months ago. Accordingly, factor three weighs in neither direction.

Fourth, the Court finds that there is a low risk of inconsistent adjudications of common factual or legal questions if the matters are tried separately. While both cases stem from Forcepoint's termination of Goldstein in April 2017, they relate to different aspects of this action. The instant case alleges that Forcepoint discriminated against Goldstein on the basis of his age when they terminated his employment in April 2017. (Compl., Dkt. 1). *Goldstein II*, on the other hand, alleges that Forcepoint discriminated against Goldstein on the basis of his age when they failed to hire him for the 11 positions he applied to after his employment was terminated in April 2017. (*See Goldstein II*, Dkt. 1). Accordingly, while the two cases arise from a similar set of circumstances, they are not so intertwined as to involve purely common questions of fact. The two cases present a low potential risk of inconsistent adjudication, as a jury could find that Forcepoint discriminated against Goldstein in firing him but not in failing to subsequently hire him, or vice versa. Accordingly, factor four weighs against consolidation.

4

Fifth, the Court finds that consolidation will not reduce the time and cost of trying the cases. The instant action is nearly finished; all that remains is for the final arbitration hearing to be reset, after it was canceled upon Forcepoint's motion. (Resp., Dkt. 60, at 2). On the other hand, *Goldstein II* was filed only four months ago. Given that the cases are in different postures and relate to different factual allegations, consolidation will not reduce the time and cost of trying the cases. Accordingly, factor five weighs against consolidation.

Sixth, the cases are not at the same stage of preparation for trial. The instant action is ready for final arbitration proceedings, and Forcepoint's motion for summary judgment has been denied, (Resp., Dkt. 60, at 2), while *Goldstein II* has only just commenced, (*See Scheduling Order*, *Goldstein II*, Dkt. 9). Consolidation will not allow the parties to avoid duplication of depositions and dispositive motions. Accordingly, factor six weighs heavily against consolidation.

Having found that four of the six factors weigh against consolidation, the Court will deny the motion to consolidate.

### B. The Motion to Lift Stay

In October 2018, the Court granted Forcepoint's motion to compel arbitration pursuant to the Agreement, (Def.'s Mot. Compel Arbitration, Dkt. 4), finding that an enforceable agreement to arbitrate covers the parties' dispute in this case. (Order, Dkt. 14). The arbitration proceeding has progressed slowly since Tom Cipolla was appointed as the arbitrator just over five years ago, but it is nearly complete. (Resp., Dkt. 60, at 2). Forcepoint's motion for summary judgment was recently denied. (*Id.*). The final arbitration hearing was set for September 18–21, 2023, but it was postponed on motion of Forcepoint. (*Id.*). Forcepoint now seeks to lift the stay, arguing that it may still waive its right to arbitrate. (Mot., Dkt. 59, at 8–11).

Forcepoint asks the Court to reverse course on a decision that Forcepoint itself asked for. "[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that

5

position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *Davis v. Wakelee*, 156 U.S. 680, 689 (1895). This rule, known as judicial estoppel, "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Pegram v. Herdrich*, 530 U.S. 211, 227 n.8 (2000). Forcepoint moved to compel arbitration and succeeded. Having done so, Forcepoint cannot now seek to resume federal court proceedings because it is dissatisfied with the arbitration proceedings. Put another way, the Court will not entertain Forcepoint's attempt to "have [its] contract and defeat it too." *In re Weekly Homes, L.P.*, 180 S.W.3d 127, 135 (Tex. 2005). Accordingly, Forcepoint is estopped from unilaterally lifting arbitration, and the Court will deny Forcepoint's motion to lift the stay.

## IV. CONCLUSION

For the foregoing reasons, Forcepoint's Motion to Consolidate and Lift Stay, (Dkt. 59), is **DENIED**.

The parties are further **ORDERED** to continue filing joint status reports every 60 days to keep the Court apprised of the progress of arbitration and any other relevant matters, with the next joint status report due **on or before April 19, 2024**.

**SIGNED** on April 16, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE